MISC 05 00991

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

FEUERSTEIN, S

------------------------------------X
IN RE: Request from Ukraine pursuant )
    to the Treaty between the        )
    Government of the United States of )
    America and the Government of    )
    Ukraine on Mutual Legal          )
    Assistance in Criminal           )
    Matters in the Matter of Rosan   )
------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  MAY 09 2005  ★

LONG ISLAND OFFICE

MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER

The United States is seeking an order appointing a commissioner to collect evidence requested by Ukraine in its attached request made pursuant to the Treaty on Mutual Legal Assistance in Criminal Matters Between the United States of America and Ukraine, in force February 27, 2001, ___ U.S.T. ___, 1998 U.S.T. LEXIS 203 (hereinafter referred to as the "Treaty").

A treaty constitutes the law of the land. U.S. Const. art. VI. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. Asakura v. City of Seattle, Washington, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); In re Commissioner's Subpoenas, 325 F.3d 1287, 1291 (11th Cir. 2003). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig, et al. v. Miller, Administrator, et al., 389 U.S. 429, 440-441 (1968); In re Commissioner's Subpoenas, 325 F.3d 1287,

1305-1306 (11th Cir. 2003); United States v. Erato, 2 F.3d 11, 15-16 (2d Cir. 1993).

A. The Treaty

The United States and Ukraine entered into the Treaty "[d]esiring to improve the effectiveness of the competent authorities of both countries in the investigation, prosecution, and prevention of crime through cooperation and mutual legal assistance in criminal matters." Preamble to the Treaty. The Treaty obliges each party to provide assistance to the other "in connection with the prevention, investigation, and prosecution of offenses, and in proceedings related to criminal matters." Article 1(1). Assistance includes taking testimony or statements of persons, providing documents, records, and articles of evidence, immobilizing assets, and assisting in proceedings related to forfeiture. Article 1(2). See Barr v. U. S. Department of Justice, 645 F. Supp. 235, 237 (E.D.N.Y. 1986), aff'd, 819 F.2d 25 (2d Cir. 1987).

The Treaty empowers federal district courts to execute treaty requests in order to comply with the United States' treaty obligation. Article 5(1) provides that:

> The competent authorities of the Requested State shall have authority to issue subpoenas, search and arrest warrants, or other orders necessary to execute the request.

The Treaty contemplates that federal district courts will use compulsory measures to execute such requests. Article 8(1) provides that:

> A person in the Requested State from whom testimony or evidence is requested pursuant to this Treaty shall be compelled, if necessary, to appear and testify or produce items, including documents and records.

The Treaty imposes no dual criminality requirement as a precondition for providing assistance. Article 1(3). Consequently, each state is obligated to provide assistance without regard to whether the conduct under investigation or prosecution would constitute an offence under the laws of the Requested State. Letter of Submittal of the Treaty to the President from the Department of State, October 19, 1999.

B.   <u>Use of the Treaty to Execute Requests for Assistance</u>

The Treaty is designed to be self-executing and requires no implementing legislation. Letter of Submittal of the Treaty to the President from the Department of State, October 19, 1999. Even so, it contains little in the way of a procedural framework for executing requests. Consequently, federal district courts routinely utilize the "commission" procedure authorized by 28 U.S.C. § 1782, the statute governing the provision of assistance for foreign judicial proceedings generally, as the "procedural vehicle" to fulfill their judicial responsibility under the Treaty of executing such requests. <u>In re Commissioner's Subpoenas</u>, 325 F.3d 1287, 1305-1306 (11th Cir. 2003).

1.   <u>Appointment of a commissioner</u>

Section 1782 provides in pertinent part:

> The district court . . . may direct that the testimony or statement [of a person who resides or is found

> within the district] be given or the document or other thing be produced, before a person appointed by the court.

A federal district court customarily appoints or "commissions" a person ("commissioner") to collect evidence on behalf of the court and authorizes the commissioner to submit the evidence collected to the requesting foreign court or authority. "Since the power of the commissioner comes from his appointment, any person who seems appropriate to the court may be appointed commissioner." In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993). With requests from foreign authorities for assistance in criminal matters, a court typically appoints an Assistant U.S. Attorney as commissioner. However, a court also may commission a foreign authority together with (or in lieu of) an Assistant U.S. Attorney. See, e.g., In re Letter of Request from the Supreme Court of Hong Kong, 138 F.R.D. 27, 29 (S.D.N.Y. 1991).

The application to a federal district court for appointment of a commissioner to execute a foreign request for judicial assistance is generally made ex parte. In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 688 (D.C. Cir. 1989); In re Letters Rogatory from the Tokyo District, Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976).

    2.   Establishment of an evidence-collecting procedure

Section 1782 further provides in pertinent part that:

> To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken,

and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A federal district court empowers a commissioner to collect the evidence using the procedure prescribed by the court. A court has "complete discretion in prescribing the procedure to be followed." Sen. Rep. No. 1580, 88th Cong., 2d Sess. 1 (1964), reprinted in 1964 U.S. Code Cong. & Admin. News 3782, 3789. When a court's order fails to specify a procedure by which a commissioner is to collect the evidence, the Federal Rules of Civil Procedure apply. In re Letters Rogatory from the Tokyo District Prosecutor's Office, Tokyo, Japan, 16 F.3d 1016, 1019 (9th Cir. 1994); In re Letter of Request from the Supreme Court of Hong Kong, 138 F.R.D. 27, 31 (S.D.N.Y. 1991). However, as § 1782 makes clear, when a court does specify a procedure other than the Federal Rules of Civil Procedure, the alternative procedure shall apply. 28 U.S.C. § 1782(a); Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1098 (2d Cir. 1995). In executing a request made pursuant to a treaty, a court has the obligation to prescribe effective and expeditious procedures designed to promote the purpose of the treaty. See In re Commissioner's Subpoenas, 325 F.3d 1287, 1305 (11th Cir. 2003).

    a.   Commissioner's subpoena

Article 5(1) of the Treaty provides for the issuance of procedural documents, such as subpoenas, to effectuate the gathering of evidence, as follows:

> The competent authorities of the Requested State shall have authority to issue subpoenas, search and arrest warrants, or other orders necessary to execute the request.

If a federal district court so orders, a commissioner may use the attached form, entitled "commissioner's subpoena," to obtain the requested evidence. See In re Commissioner's Subpoenas, 325 F.3d 1287, 1291 (11th Cir. 2003)(incorporating in pertinent part the district court's order directing the use of commissioner's subpoenas); United States v. Erato, 2 F.3d 11, 13-14 (2d Cir. 1993)(incorporating in pertinent part the district court's order directing the use of commissioner's subpoenas). The commissioner's subpoena is a creation of neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil Procedure, but is an order of the court for the production of evidence in accordance with both Article 5(1) of the Treaty and § 1782. See 28 U.S.C. § 1651; White v. National Football League, et. al, 41 F.3d 402, 409 (8th Cir. 1994), cert. denied, 515 U.S. 1137 (1995) (a court may issue whatever process it deems necessary to facilitate disposition of the matter before it). Upon authorization by a court, a commissioner may issue such commissioner's subpoenas as are necessary to execute the request.

A court, in keeping with its obligation to design effective and expeditious procedures to promote the purpose of the Treaty, may authorize service of commissioner's subpoenas anywhere within the territory of the United States (i.e., coextensive with the service of subpoenas in U.S. criminal investigations and

prosecutions pursuant to Rule 17, Federal Rules of Criminal Procedure). The § 1782 limitation on the court's power to compel to "the district in which a person resides or is found" is inoperative in executing a treaty request. <u>In re Commissioner's Subpoenas</u>, 325 F.3d 1287, 1305-1306 (11th Cir. 2003).

    b.  <u>Notice of evidence taking</u>

Inasmuch as subpoenas utilized in U.S. criminal proceedings (<u>i.e.</u>, grand jury and criminal trial subpoenas) are issued without notice to any party other than the recipients (<u>i.e.</u>, no notice to targets or defendants), commissioner's subpoenas issued in execution of treaty requests likewise should require no notice to other than the recipients. Accordingly, a federal district court should authorize a commissioner to collect the evidence requested without notice to any party other than the recipient of the commissioner's subpoena except to the extent that a request asks for specific notice procedures.[1] To the extent that execution of a request entails the production of bank or financial records otherwise covered by the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., the commissioner need not give, nor arrange for the custodian of records to give, notice to

---

[1] Generally, U.S. authorities execute requests for judicial assistance in criminal matters without notification to actual or potential targets of investigations, or even to parties in proceedings. U.S. authorities rely on the requesting courts and authorities to provide such notice directly to the relevant parties as foreign law requires or to request that U.S. executing authorities follow stated notice procedures when necessary or useful under foreign law or practice. Foreign requests have asked (1) that a person to be interviewed (generally a defendant or suspect) be given notice of applicable testimonial privileges (<u>e.g.</u>, against self-incrimination) at the time of the interview and (2) that a defendant and defense counsel be permitted to be present during the taking of testimony of a witness and be given sufficient notice to make arrangements.

an account holder inasmuch as the Act does not apply in the execution of foreign legal assistance requests. <u>Young v. U.S. Dept. of Justice</u>, 882 F.2d 633, 639 (2d Cir. 1989), <u>cert. denied</u>, 493 U.S. 1072 (1990); <u>In re Letter of Request for Judicial Assistance from the Tribunal Civil De Port-Au-Prince, Republic of Haiti</u>, 669 F. Supp. 403, 407 (S.D. Fla. 1987); <u>In re Letters of Request from the Supreme Court of Hong Kong</u>, 821 F. Supp. 204, 211 (S.D.N.Y. 1993). <u>See</u> <u>In re Commissioner's Subpoenas</u>, 325 F.3d 1287, 1305-1306 (11th Cir. 2003).

C. <u>The Present Request</u>

The Office of the Procurator General of Ukraine, designated as a Central Authority for Ukraine pursuant to Article 2(2) of the Treaty, has made the instant treaty request in connection with a criminal customs investigation being conducted by the Investigation Division for the Department of Security Service of Ukraine. The Investigation Division for the Department of Security Service of Ukraine is investigating possible customs violations involving the shipment of photography equipment by Mrs. Nadiya Zhuk, 7800 Shore Front Parkway, Apartment 11B, Far Rockaway, New York 11693, to a Ukrainian company, Rosan, located in Kiev, Ukraine. The company that transported the shipments of photography equipment was Meest-Amerika, Inc., located at 609 Commerce Road, Linden, New Jersey 07036. The Ukranian authorities have asked for assistance in obtaining witness statements from representatives of Meest-Amerika and Mrs. Zhuk, from a whom a handwriting exemplar is requested as well.

Accordingly, to execute this request, the United States moves this Court to issue the attached Order appointing the undersigned Assistant United States Attorney as commissioner, authorizing the undersigned commissioner to take the actions necessary, including the issuance of commissioner's subpoenas, to obtain the evidence requested, and to adopt such procedures in receipt of the evidence as are consistent with the intended use thereof.

                                  Respectfully submitted,

                                  ROSLYNN R. MAUSKOPF
                                UNITED STATES ATTORNEY

By: _____
     JAMES G. MCGOVERN
     Assistant United States Attorney